FILED
2014 Jan-06 PM 03:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### (SOUTHERN DIVISION)

| | |
|---|---|
| BARBARA WILLOUGHBY, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> EQUIFAX MORTGAGE ) <br> SOLUTIONS, LLC. ) <br> ) <br> Defendant. ) | Civil Action Number <br> _____ |

## COMPLAINT

COMES NOW the plaintiff, Barbara Willoughby ("Plaintiff"), by and through her undersigned counsel, and with knowledge as to her own acts, upon information and belief and investigation of counsel as to the acts of others, believing such allegations have evidentiary support after a reasonable opportunity for further investigation or discovery alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for an actual, statutory and punitive damages, costs and attorneys' fees pursuant to 15 U.S.C. §1681, *et seq.* ("Fair Credit Reporting Act" or "FCRA") against Equifax Mortgage Solutions, LLC ("EMS").

2. Congress, when it enacted the FCRA in 1970, mandated the existence and use of reasonable procedures to assure the maximum accuracy of the personal and

1

financial information compiled concerning consumers and sold to users by consumer reporting agencies ("CRAs").

3. On December 3, 2004, President George W. Bush signed into law the Fair and Accurate Credit Transactions Act ("FACTA").

> This legislation gives consumers unprecedented tools to fight identity theft and continued access to the most dynamic credit markets in the world. With a free credit report and powerful new tools to fight fraud, consumers have the ability to better protect themselves and their families.[1]

4. In addition to identity theft, "mixed files" are a serious problem in the credit reporting industry. A mixed file occurs when information relating to one consumer is placed in the file of another consumer.

5. Like identity theft, mixed files create a false description of a consumer's credit history. Further, mixed files result in the disclosure of a consumers' most personal identifying and financial information absent the consumer's knowledge or consent, or both.

6. Mixed files also result in the debt collection harassment of innocent consumers because debt collectors use CRA databases to "skip trace" debtors and locate the alleged debtor's address and telephone number.

---

[1] http://georgewbush-whitehouse.archives.gov/news/releases/2003/12/20031204-3.html as of June 24, 2012.

7. Mixed files are not a new phenomenon. EMS has been on notice of the existence of mixed files for at least thirty (30) years. See Thompson v. San Antonio Retail Merchants Ass'n, 682 F.2d 509 (5th Cir. 1982).

8. Mixed files occur despite consumers' unique personal identifying information, such as Social Security numbers.

9. Upon information and belief, EMS is aware that consumer reporting agencies mix consumers' files. For example, one of the nationwide consumer reporting agencies EMS purchases consumer reports from, Equifax Information Services, LLC ("Equifax"), has been known to mix files when consumers' names are similar, but the Social Security numbers only match seven out of nine digits. See Apodaca v. Discover Fin. Servs., 417 F.Supp. 2d 1220 (D.N.M. 2006).

10. In the mid-1990's, the Federal Trade Commission ("FTC") and various state attorney generals' offices, including Alabama, Arkansas, California, Connecticut, Delaware, Florida, Idaho, Illinois, Louisiana, Michigan, Minnesota, Missouri, Nevada, New Hampshire, New Mexico, New York, Ohio, Pennsylvania, Rhode Island, Texas, Utah and Washington charged Equifax with violations of the FCRA. The government enforcement actions required the consumer reporting agency to improve procedures and prevent mixed files. In re Equifax Credit Information Services, Inc., (June 22, 1992); In the Matter of Equifax Credit Information Services, Inc., 12 F.T.C. 577 (Aug. 14, 1995); In the Matter of Equifax Credit

Information Services, Inc., 61 Fed. Reg. 15484 (Apr. 8, 1996).  EMS is aware of the aforementioned legal actions.

11.     The instant lawsuit seeks compensatory, statutory and punitive damages, costs of suit and attorneys' fees for Plaintiff, resulting from the defendant's failure to comply with the FCRA.

## JURISDICTION & VENUE

12.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, 15 U.S.C. §1681p.

13.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

14.     Plaintiff is an individual and resides within this judicial district.

15.     Equifax Mortgage Solutions, LLC ("EMS") is a foreign corporation with its principal place of business located at 815 East Gate Drive, Suite 102, Mount Laurel, New Jersey 08054-1243.

16.     At all times relevant hereto, EMS is a "person" and a "consumer reporting agency" as defined by 15 U.S.C. §§ 1681a(b) and (f).

17.     At all times relevant hereto, Plaintiff was a "consumer" as defined by 15 U.S.C. §1681a(c).

18.     At all times relevant hereto, the below described credit reports were "consumer reports" as defined by 15 U.S.C. §1681a(d).

## FACTUAL ALLEGATIONS

19. EMS, in its capacity as a consumer reporting agency and a reseller of consumer information, obtains consumer credit information from nationwide consumer reporting agencies, including Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc., ("Experian"), and Trans Union, LLC ("Trans Union").

20. The consumer credit information EMS obtains from Equifax, Experian and Trans Union includes, *inter alia*, account information and personal identifying information.

21. EMS assembles and merges the consumer credit information obtained from the nationwide consumer reporting agencies and sells the consumer reports to third parties.

22. EMS reported inaccurate information concerning Plaintiff and Plaintiff's credit worthiness to third parties. Specifically, from at least January 6, 2012, EMS reported information that did not belong to the plaintiff to third parties, including, but not limited to: past due accounts with HSBC Nevada, Roamans, Lane Bryant, Car Care One, Woman Within; and personal identifying information (hereinafter "the inaccurate information").

23. The inaccurate information negatively reflects on Plaintiff, Plaintiff's repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness.

24. EMS reported the inaccurate information concerning Plaintiff through the issuance of false information and consumer reports that EMS disseminated to persons, as that term is contemplated by 15 U.S.C. §1681a(b).

25. EMS faulty procedures mixed Plaintiff's file with at least one other person.

26. Based on the Beacon 5.0 FACTA scoring model, the information contained in Plaintiff's file negatively affects her credit score. On January 6, 2012, EMS reported to BB&T that Plaintiff's credit scores were as follows: Equifax 632; Experian 748; and Trans Union 745.

27. Before selling Plaintiff's consumer report to BB&T, EMS did nothing to investigate why Equifax reported a score that was more than 100 points below Experian and Trans Union. Further, EMS did nothing to investigate the conflicting information received from Equifax, Experian and Trans Union.

28. As a result of EMS's conduct, Plaintiff has suffered actual damages in the form of credit denial or loss of credit opportunity, credit defamation, reduction in credit score, and emotional distress, including anxiety, frustration, embarrassment and humiliation.

29. Plaintiff's credit report and score has been obtained from EMS and has been reviewed by prospective and existing credit grantors, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving different credit offers and opportunities, known and unknown.

30. At all times relevant hereto, EMS acted through its agents, servants and/or employees who were acting within the scope of their employment or agency, or both, and under the direct supervision of EMS.

31. At all times relevant hereto, EMS's conduct, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the plaintiff's rights.

## COUNT ONE – VIOLATION OF THE FAIR CREDIT REPORTING ACT

32. Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

33. EMS is liable to Plaintiff for willfully and negligently failing to comply with § 1681e(b), pursuant to §§ 1681n and o.

34. EMS's conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and damages as outlined above.

35. EMS is liable to Plaintiff for the full amount of statutory, actual and punitive damages, plus attorneys' fees and costs.

36. Wherefore, Plaintiff seeks judgment in her favor against EMS, based on the following relief requested:

> (a) Actual damages;
>
> (b) Statutory damages;
>
> (c) Punitive Damages;
>
> (d) Costs and reasonable attorneys' fees; and
>
> (e) Such other and further relief as may be necessary, just and proper.

## JURY TRIAL DEMANDED

37. Plaintiff demands trial by jury on all issues so triable.

>
> Respectfully submitted,
>
> s/ Micah S. Adkins
> Micah S. Adkins (ASB-8639-I48A)
> BURKE, HARVEY & FRANKOWSKI, LLC
> 2151 Highland Avenue, Suite 120
> Birmingham, AL  35205
> Telephone:  205.747.1907
> Facsimile:  205.930.9054
> Email:       madkins@bhflegal.com

PLAINTIFF WILL SERVE DEFENDANT BY CERTIFIED MAIL AT:
Equifax Mortgage Solutions, LLC
Attention: Steve Starkweather
815 East Gate Drive, Suite 102
Mount Laurel, New Jersey 08054-1243